# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. 8:22-cv-02011-JWH-ADS | Date January 17, 2023 |
| Title *Edwin Dizon v. Ryder Integrated Logistics, Inc., et al.* | |

Present: The Honorable    JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION (IN CHAMBERS)**

Plaintiff Edwin Dizon initially filed this action in the Orange County Superior Court.[1] On November 2, 2022, Defendant Ryder Integrated Logistics, Inc. removed this case to this Court pursuant to 28 U.S.C. § 1332.[2]

As an initial matter in every case, the Court must ensure that it possesses subject matter jurisdiction. District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]" 28 U.S.C. § 1332. The party invoking the Court's jurisdiction bears "the burden of demonstrating that the court has subject matter jurisdiction to hear an action." *Nguyen v. Cache Creek Casino Resort*, 2021 WL 22434, at *2 (E.D. Cal. Jan. 4, 2021), *report and recommendation adopted sub nom. Hung Nguyen v. Cache Creek Casino Resort*, 2021 WL 568212 (E.D. Cal. Feb. 16, 2021) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

---

[1]    *See* Def.'s Notice of Removal (the "Removal Notice") [ECF No. 1].

[2]    *Id.* at ¶ 9.

Here, Ryder Integrated Logistics contends that the amount in controversy is met, based upon a calculation that assumes that Dizon will remain unemployed and will claim back wages for the weeks that he did not work.[3] In the Joint Rule 26(f) Report, however, Dizon asserts that "[f]ollowing [his] termination on July 23, 2021, Plaintiff was able to gain some subsequent employment, earning a total of approximately $51,069.92."[4] As a result, and subtracting out those subsequent earnings, Dizon claims that he has merely "suffered a total loss of earnings of at least $23,693.08 and continuing, not including benefits, bonuses, raises, and vacation pay."[5]

In view of the Court's concerns that it lacks subject matter jurisdiction over the instant action, the Court concludes that it would be an inefficient use of judicial resources to adjudicate the instant action any further without firmly establishing that removal was both substantively proper under 28 U.S.C. § 1332 and procedurally correct under 28 U.S.C. § 1446.

Therefore, on its own motion, the Court hereby **ORDERS** as follows:

1. Both parties are **DIRECTED** to file, no later than January 27, 2023, simultaneous supplemental memoranda (including supporting evidence, to the extent necessary) explaining whether this Court has subject matter jurisdiction over the instant action.

2. An in-person hearing on this Order to Show Cause is **SET** for February 10, 2023, at 9:00 a.m.

3. The Scheduling Conference is **CONTINUED** to February 10, 2023, at 9:00 a.m.

**IT IS SO ORDERED.**

---

[3] *Id.* at ¶ 25.

[4] Joint Rule 26(f) Report [ECF No. 14] 9:14-15.

[5] *Id.* at 9:17-19.